UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CLIFFORD WILSON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:05-CV-571-TLS |
| ED BUSS, | ) ) ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Clifford Wilson, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary board's sanction of loss of earned credit time.

In May 2005, prison officials received a tip that Wilson was hiding a weapon in his mattress. Correctional officers searched his cell twice and found a homemade knife or "shank" made from a toothbrush that had been sharpened to a point on one end. They wrote a conduct report charging him with possession of a deadly weapon. At his hearing, on June 14, 2005, Smith denied ownership of the weapon. The disciplinary board found Smith guilty, but modified the charge to a lower offense. The board sanctioned Smith by placing him in disciplinary segregation and recommending that he be deprived of sixty days of earned credit time and demoted to a lower credit time earning classification. He unsuccessfully appealed to the facility superintendent and the final reviewing authority.

In his petition for writ of habeas corpus, Wilson asserts that he was denied due process because no weapon was found in the first search of his area, because he was denied physical evidence at the hearing, because there was no proof of an investigation, and because a disciplinary board member's verbal statement suggested that he was not guilty.

## PROCEDURAL DUE PROCESS

Wilson asserts that an institutional investigator never spoke to him, and he never saw evidence that an investigation was actually conducted. But the due process clause does not require that an investigator speak to an inmate accused of wrongdoing or show him an investigative file; due process requires only that prison officials give him advance written notice of the charges against him. *Wolff v. McDonnell*, 418 U.S. 539, 565 (1974). The purpose of the notice requirement is to inform the prisoner of the factual circumstances supporting the charge against him and provide him a chance to prepare a defense. *Id. at* 564–65. The conduct report (Respondent's exhibit "A") provided Wilson with adequate notice of the charges against him.

Wilson also asserts that the board denied him physical evidence at the hearing when it did not provide a videotape. Prisoners may request videotapes as potentially exculpatory evidence. *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). But in order to present such evidence at a disciplinary hearing, a prisoner must request it when he is screened. The screening report in this case, which is signed by Wilson, shows that he requested two witnesses, but did not request any physical evidence. The failure to make a timely request for this videotape results in a waiver of the right to that evidence. *Piggie v. Cotton*, 277 F.3d 922, 925 (7th Cir. 2002); *see also McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

## SUFFICIENCY OF THE EVIDENCE

In his Traverse, Wilson states that the disciplinary board denied him due process by using the "some evidence" standard instead of the preponderance of the evidence standard. Wilson's claim that the board was required to find him guilty by a preponderance of the evidence is, however, incorrect. The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison

disciplinary board." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). This standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id*. The conduct report alone is sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The disciplinary board relied on the fact that correctional officers found a shank in Wilson's mattress after receiving a written tip that he was hiding a weapon there. That officers had to search his area twice to find the shank has no impact on the sufficiency of the evidence. A second, more thorough search revealed the presence of the sharpened toothbrush and its discovery provides sufficient evidence to support the board's conclusion that Wilson possessed a weapon. In fact, Wilson did not deny that the item was found, just that it belonged to him. However, it is undisputed that the weapon was found in his mattress. This is some evidence of guilt.

Wilson asserts that one of the board members made a verbal statement at the hearing suggesting that he believed Wilson was not guilty. But the evidence before the court establishes that the board consisted of three members, and even if one member was not convinced of Wilson's guilt, guilty votes by the other two members would have been sufficient to find Wilson guilty.

## CONCLUSION

For the foregoing reasons, the Court DENIES this Petition, DENIES the Petitioner's Motion for Judgment on the Pleadings [DE 16], and DENIES his Motion for Plenary Hearing and Order for Transport [DE 17].

SO ORDERED on September 20, 2006.

3

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION